This is an appeal from the final order of the Pickaway County Court of Common Pleas, Juvenile Division, entered April 13, 1998, changing the custody of the minor child of the parties.
The child involved was born to appellant Ricki Young on September 19, 1991, and appellee Robert F. Keaton, III, was determined to be his father in an order of April 3, 1992, which, inter alia, set support payments and established visitation rights. The parents never married and the child resided with his mother, apparently at her home in Stoutsville, Ohio. Keaton was residing in Circleville, Ohio. It is clear that relations between the parents were less than harmonious, and the record details their frequent resort to the juvenile court to adjudicate their differences arising from the exercise of rights to visitation.
In January 1997, Keaton filed a motion for contempt against Young for her alleged failure to provide visitation, and for a change of custody. Young had married Roy Delong on December 3, 1996, and had been residing with him, their infant daughter and other family members in Clarksville, Tennessee, since some time in January 1997.[1] While that litigation was pending, Keaton filed a motion for sanctions and the immediate return of the child to Ohio because of alleged deprivation of visitation. Keaton, however, withdrew his motion on August 25, 1997, and the case progressed upon his original motion filed in January 1997.
On October 17, 1997, the court overruled Keaton's motion for change of custody, but found Young in contempt. The court imposed a sentence of ten days in jail and a fine of $250, suspending, however, the confinement on condition that Young abide by new orders for visitation. Young did not appeal that order. Matters continued to deteriorate, nevertheless, and consequently Keaton filed a four-branch motion on January 28, 1998, from which this appeal derives. In granting that motion, the juvenile court placed the child in Keaton's custody and afforded Young visitation privileges.
Young concedes that, in cases where, as here, custody of a child has been changed, the standard of review is one of abuse of discretion. She contends, accordingly, through counsel, in her brief, that the sole issue before this court is whether the trial court abused its discretion in transferring "the minor child's custody and placement to [Keaton]." To support her argument, she cites Davis v. Flickinger (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159, the syllabus of which is:
 R.C. 3109.04 requires a finding of a "change in circumstances." Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion.
 In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change.
Keaton relies on the same case, and we are convinced that it is the authority which controls our decision.
Appellant's singular assignment of error is:
 The court had insufficient evidence in [sic] which to base its finding that a change of circumstances had taken place sufficient to justify a change of custody.
The court's order of April 13, 1998, contains this language:
 Upon the testimony presented, the Court finds that a change of circumstances has occurred since the last Entry of the Court on October 17, 1997, in that continuous and willful denial of the visitation provided by Court Order to the Plaintiff has occurred at the Defendant's efforts and that it is in the best interest of the child to modify custody at this time. The Court further finds that the change of environment is outweighed by the advantages of the change of environment and it is therefore ORDERED, ADJUDGED AND DECREED that the Plaintiff, Robert F. Keaton III, is hereby designated the residential parent and legal custodian of Tyler A. Keaton forthwith and the Defendant, Ricki Delong, shall be entitled to visitation pursuant to the companionship schedule attached hereto * * *.
In her opinion in Davis v. Flickinger, supra, Justice Lundberg Stratton cited with approval these observations of Justice Resnick's dissent in Pater v. Pater (1992), 63 Ohio St.3d 393,403, 588 N.E.2d 794, 802:
 It is the role of a trial judge at a custody hearing to consider all relevant factors, and then reach a decision. That decision is based primarily on the best interests of the child, with all other concerns of secondary importance. Because the trial judge is in the best position to evaluate the child's best interests, a reviewing court should accord great deference to the decision of the trial judge. [Emphasis sic.]
We have examined the record in all of its several parts that detail the unhappy, unfortunate, sometimes acrimonious circumstances in which the child of the parties has lived virtually from birth. The record persuades us that, in this case, the trial court considered all the relevant factors and made a difficult decision in a distressing situation. In light of the holding of the Ohio Supreme Court in Davis v.Flickinger, supra, we hold that the assignment of error is not well taken and is overruled because the court did not abuse its discretion when ordering the change of custody in the best interest of the child.[2]
The judgment of the Pickaway County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment of the Juvenile Division of the Pickaway County Court of Common Pleas is affirmed. Appellee shall recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Division of the Pickaway County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Shannon, J., Abele, J. and Kline, J. Concur in Judgment and Opinion
 ---------------------------- Raymond E. Shannon, Judge
 ---------------------------- Peter B. Abele, Judge
 ---------------------------- Roger L. Kline, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth District.
[1] Young and Delong had been evicted from their home in Junction City, Ohio, when Delong was facing loss of employment, and the couple decided to move to Tennessee to live with the parents of Young. According to the court's entry of October 6, 1977, Young's relationship with Delong was but one of a series she had with "a number of different *** males," and involved periodic changes of residence.
[2] At that time, Keaton was represented by counsel. Young appeared, but acted pro se.